Common Pleas Court of Hamilton County.

City of Cincinnati v. Adam Mueller.

Decided, February, 1909.

*Municipal Corporations—Appropriation for Street Purposes—Findings as to Values of Leaseholds and Reversionary Interests—When to be Made—Weight of Evidence as to Values—Reasonable Differences of Opinion as to Values.*

In an action by a municipality for appropriation of property for street purposes, lessees can not demand a determination of the respective values of their leasehold interests and the reversionary interests, until the city has elected to take the property at the price fixed by the jury and the money in payment therefor has been deposited subject to order of court.

*Albert H. Morrill* and *Charles F. Hornberger,* for the city.

*Gideon C. Wilson, Judson Harmon, G. F. Osler, P. A. Reece, George P. Stimson* and *W. C. McLean,* for the property owners.

HUNT, J.

This is an action brought by the City of Cincinnati to assess compensation to the owners of a strip of ground thirty-four feet in width on the west side of Gilbert avenue from McMillan street to Florence avenue, appropriated by ordinance of council for widening Gilbert avenue.

The values of seven distinct lots or parcels of land are in controversy. The aggregate verdict as to these lots is $93,712. The property was advantageously situated, some of it on and the rest of it near a central, if not the most central, hilltop business corner, and the evidence as to the value of the ground reasonably and greatly differed, thereby giving the jury considerable latitude as to what would be a reasonable verdict.

After the verdict a motion for a new trial was duly filed by the property owners. The city filed no such motion. The decision upon the motion was reserved only as to the weight of the evidence.

This question being a question as to the value of the property was peculiarly within the province of the jury. The character of the property was such that there could be a considerable difference in opinion as to its value, and upon this conflicting evidence, especially as it was expert testimony, there could reasonably be considerable difference in the opinions to be formed from such evidence.

After a careful examination of the evidence the court does not come to the same conclusions in all respects as determined by the verdict of the jury, but such differences are such as might exist between reasonable men, and therefore are not such as would warrant the court upon a motion for a new trial, in saying that the verdict or any part of it is not sustained by the evidence.

There was another question passed upon during the trial in this case, which I have been asked to reconsider. That is as to the right of certain lessees of some of the property described in the petition, who were made parties defendant by the city, to have the value of their leasehold interests and the value of the reversionary interests separately determined by the jury impanneled to assess the value as between the city and the property owners.

The lessees offered testimony as to the value of their leasehold interests, and objection thereto being made by the city, the court sustained such objection.

There is no question but that the lessees are owners of a property right which can not be taken without compensation. As such owners, they are proper and necessary parties in a proceeding brought to assess the value of the property sought to be taken, but so are other owners whose rights may be joint, in common, by way of mortgage or in any other form.

The property being taken for street purposes could be taken under Article I, Section 5 of our Constitution, and the compensation assessed and paid afterwards, so that there is no constitutional right in the owners, jointly or severally, to have their compensation fixed and paid, or deposited before the taking. The Legislature has, therefore, the right to determine the method of taking by the city, and the order of procedure to be followed in assessing compensation, so long as such method does not preclude compensation to be assessed by a jury.

The city and the property owners are therefore governed by the municipal code in the taking and assessing the value of the property to be taken, unless constitutional rights are violated.

After providing for the passage of certain ordinances, resolutions, etc., Section 13 of the code provides for the filing of a petition or application by the city solicitor in the court of common pleas, probate court, or insolvency court, "which application shall describe as correctly as possible the land to be appropriated, the interest or estate therein to be taken, the object proposed and the name of the owner of each lot or parcel of land." After providing for a notice to such owners, Section 15 provides for the impanneling of a jury, "for the assessment of compensation," which "jury shall be drawn and the trial proceed as in other civil actions." In Section 16 it is provided "that no delay in the proceeding shall be occasioned by doubt as to the ownership of any property, or as to the interests of the respective owners, but in such cases the court shall require a deposit of the money allowed as compensation for the *whole* property, or the part in dispute; and in all cases as soon as the corporation shall have paid the compensation assessed, or secured its payment by a deposit of money under

the order of the court, possession of the property may be taken.''

This section further provides that ''the assessment shall be in writing, signed by the jury, and shall be so made that the amount payable to the owners of *each lot or parcel of land* may be ascertained.''

The statute does not say that the assessment shall be so made that the value of the interest of each owner in each lot or parcel of land shall be ascertained.

After such verdict and necessarily after judgment thereon, Section 18 provides that ''the court shall make such order as to the payment, deposit or distribution of the amounts assessed as may seem proper, may require adverse claimants to all or any part of the money or property to interplead, and fully determine their rights in the same proceeding, and may direct the time and manner in which the property condemned shall be taken or delivered, and may if necessary enforce any order giving possession.'' And further provides that, ''upon the payment or deposit by the corporation of the amount assessed as ordered by the court, an absolute estate in fee simple shall be vested in said corporation, unless a lesser estate or interest is *asked for* in the application.''

In this section the only assessment by the jury contemplated by the statutes is the value of the lot or parcel of ground, for how otherwise could the city be vested with the estate in fee simple, or with the full estate or interest in such lot asked for in the petition?

In none of these sections can the words, ''each lot or parcel of land,'' mean each separate interest in any lot or parcel of land. Nor is there in any such sections any requirement that the value of the several interests in the said lot or parcel of land shall be separately ascertained, until after the verdict has been made final by judgment thereon. When the time arrives for the distribution of the amount of compensation assessed as to any lot, the court, if advisable, or if the parties are entitled thereto, can and will submit issues of fact to a jury ''as in other civil actions.'' If therefore, the several owners of separate interests in any lot as to their respective parts of such compensation, are entitled to a jury, the exercise of such rights is not precluded

by the municipal code as now construed.  Such right, to say the least, is doubtful, but is not necessary to be determined until the time for distribution arrives.

Section 22 provides that if the city fails to pay for or take possession "within six months after the assessment of compensation," its right so to do "on the terms of the assessment" shall cease.

The primary object of these proceedings seems to be to ascertain the amount which the city must pay or deposit before taking possession, or before being put to its election as to whether or not it will take upon the terms of the assessment, and this amount or assessment being ascertained as to each lot after all parties interested therein have had an opportunity to take part in the ascertaining of this amount, to permit all questions of separate or conflicting interests to be determined after the city has elected to take.  After the owners of such separate or conflicting interests have been properly made parties in the assessment of the value of each lot or parcel of land, and the money has been deposited under the orders of the court, the city is no longer interested in any further proceedings.

Moreover, it would be a useless proceeding to determine the separate value of the several interests in any lot or parcel of land if the city should not elect to take, or to determine the separate value of the interests of the lessor and lessee until the lessee's possession is disturbed, or to determine the value of his unexpired term, when the lease is a short term of months, as are some of the leasehold interests in this case, especially if the proceeding had not been instituted in the common pleas court, but in the probate or insolvency courts, from whose judgments there is a right of appeal to the common pleas court, without giving the city the right to deposit the money or take the property pending the appeal.  Even after judgment by the common pleas court, if the city or property owners should prosecute error to the judgment of the court upon the verdict under Section 21, whether the city elected to deposit the money and take the property pending such error proceeding or not, the question of distribution as between the lessor and lessee or other interests could not be finally determined until the verdict and

judgments had been made final between the city and the owners of the lots or parcels of ground. If the city should not elect to pay or deposit the money and take possession before the termination of these error proceedings, the lessee would not be disturbed in his possession and the pecuniary value of the leasehold interests would be constantly diminishing, and that of the lessor increasing, until the termination of the lease.

Certain testimony such as the rental value has in some cases been held to be relevant as between lessor and lessee in the determination of the separate values of their several interests, but has been held to be irrelevant as between the city and the owners of the lots or parcels of land. If the jury is to determine the separate values of the several interests at the same time at which they determine the value of the separate lots, what rule is the court to follow, and if all the evidence competent under either issue is admitted what instructions are to be given to the jury?

It seems, therefore, that the objection to the testimony offered by the lessees was properly sustained not only in accordance with the statutes, but in furtherance of simplicity in the issues to be presented to the jury and expedition in the administration of justice as between the parties.